JOEL S. DRAKE & another *vs.* JOHN N. BAILEY & another.

A claim for articles delivered to a firm cannot be excepted from the operation of a certificate of discharge in insolvency, on the ground that the articles were necessaries, actually used in the families of the debtors.

CONTRACT to recover the price of articles delivered by the plaintiffs to the defendants.  The defence was a discharge in insolvency.

At the trial in the superior court, before *Russell*, J., the plaintiffs admitted the discharge to be valid, but introduced evidence to show that the articles furnished to the defendants were necessaries, actually used in their families : and the judge ruled that

if the articles were so furnished and used, and charged on the partnership account with the knowledge and consent of the partners that the price of them should be a partnership debt, the defendants were liable.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*G. White*, for the defendants.

*H. J. Fuller*, for the plaintiffs.

CHAPMAN, J. When an insolvent debtor receives a discharge, under Gen. Sts. *c.* 118, § 76, he is thereby discharged "from all his debts provable under this chapter," with certain specified exceptions. Among the debts excepted from the operation of the discharge is, "a claim for necessaries furnished to the debtor or his family." The articles in this case were sold and delivered to the firm, and not to either partner separately. While thus held, they were not exempt from attachment as necessaries belonging to either debtor; and we think they cannot be excepted from the operation of the discharge, as necessaries furnished to either of the debtors. A different construction of the statute would compel the court to ascertain what portion was taken by each defendant; for we cannot, by any possible construction of the statute, hold one liable for necessaries that were appropriated to the family of the other. And the result of such an inquiry must necessarily show that each partner was a purchaser of the articles from the firm, by a sale made subsequently to the sale by the plaintiff to the firm, and separate from it. *Exceptions sustained.*